**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID SEARS,**

                              **Plaintiff,**

        **vs.**                                    **8:12-cv-570**
                                                  **(MAD/ATB)**

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security,*
*in place of Michael Astrue,*
                              **Defendant.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**OFFICE OF MARK A. SCHNEIDER**      **MARK A. SCHNEIDER, ESQ.**
57 Court Street
Plattsburgh, New York 12901
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **JOANNE JACKSON, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant


**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

        Plaintiff David Sears brought this action pursuant to 42 U.S.C. § 405(g), seeking a review

of the Commissioner of Social Security's decision to deny his application for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI").  The matter was referred to United

States Magistrate Judge Andrew T. Baxter for a Report and Recommendation pursuant to 28

U.S.C. § 636(b) and Local Rule 72.3(d).  Magistrate Judge Baxter recommended that this Court

affirm the Commissioner's decision denying Plaintiff's application for benefits and dismiss

Plaintiff's complaint.  *See* Dkt. No. 16.  Presently before the Court is Plaintiff's objection to the

Report and Recommendation, *see* Dkt. No. 17, and Plaintiff's letter motion seeking remand based

upon a fully favorable decision rendered by the Commissioner on Plaintiff's subsequent

application for DIB and SSI, *see* Dkt. No. 18.

## II. BACKGROUND[1]

### A.    Procedural History

Plaintiff applied for DIB and SSI on April 29, 2009, alleging a disability onset date of

December 20, 2008, which applications were initially denied on November 18, 2009.  Plaintiff

requested a hearing, which was held on September 22, 2010 before Administrative Law Judge

("ALJ") Carl E. Stephan.  The ALJ issued his decision on October 28, 2010, finding that despite

severe impairments – chronic obstructive pulmonary disease ("COPD") and rheumatoid arthritis –

Plaintiff was not disabled.

On January 27, 2012, Plaintiff's counsel submitted to the Appeals Council medical records

from Adirondack Medical Center dated October 4, 2010 through January 20, 2012.  These

records, which were not part of the record before ALJ Stephan, included reports from

examinations conducted between August and November of 2011 by Plaintiff's treating physician

and a treating rheumatologist who ultimately diagnosed Plaintiff with fibromyalgia.  The ALJ's

decision became the final decision of the Commissioner on March 9, 2012, when the Appeals

Council denied Plaintiff's request for review, notwithstanding the submission of additional

evidence.

---

[1]  Plaintiff has not objected to the Magistrate Judge's recitation of the Facts and Procedural History set forth in the Report and Recommendation, as adopted from Plaintiff's Brief and the ALJ's decision.  Accordingly, the Court adopts those portions of the Report and Recommendation.

On March 29, 2012, Plaintiff filed a subsequent application for DIB and SSI alleging a disability onset date of August 30, 2011. On August 8, 2013 ALJ Robert Wright issued a decision on Plaintiff's subsequent application, finding Plaintiff disabled from August 30, 2011, through the date of the decision, by virtue of the following severe impairments: COPD, fibromyalgia, degenerative disc disease of the cervical spine, osteoarthritis of the left shoulder and hands, and coronary artery disease. *See* Dkt. 18-1.[2]

## B.     Report and Recommendation

In the Report and Recommendation, Magistrate Judge Baxter found that: (1) the ALJ did not misapply the treating physician rule and the ALJ's decision to reject Dr. McCahill's finding of total disability was supported by substantial evidence; (2) the ALJ made findings with respect to residual functional capacity ("RFC") that were supported by substantial evidence and, in doing so, the ALJ did not err in (a) failing to consider the combination of Plaintiff's ailments, (b) finding Plaintiff's testimony to lack credibility, (c) determining that Plaintiff was not disabled because he was not treated by specialists, and (d) disregarding the side effects of Plaintiff's medications; (3) the ALJ did not err by not using a vocational expert to determine whether Plaintiff could perform other work in the national economy; (4) the ALJ did not fail to fully develop the record; and (5) the Appeals Council did not err when it failed to consider and analyze the additional evidence submitted after the ALJ's hearing, or find that Plaintiff was disabled by fibromyalgia. *See* Dkt. No. 16.

Plaintiff has objected to the Report and Recommendation on a number of grounds:

I.  The ALJ erred in not liberally applying the Social Security Act.

---

[2] ALJ Wright did not find a basis for reopening Plaintiff's prior claim.

II.  The Magistrate [Judge][3] did not correctly apply the treating physician rule.
III.  The Magistrate [Judge] did not correctly apply the law regarding the credibility of the Plaintiff.
IV.  The Magistrate [Judge] erroneously determined that Plaintiff had the RFC to perform light work.
V.  The Magistrate [Judge] did not fairly consider Plaintiff's limitations from his COPD and cardiac condition.
VI.  The Magistrate [Judge] erred in not giving sufficient weight to Plaintiff's pain.
VII.  The Magistrate [Judge] erred in not giving sufficient weight to side effects caused by Plaintiff's medications.
VIII.  The Magistrate [Judge] erroneously concluded that the ALJ was not legally obligated to use a vocational expert.
IX.  The Magistrate [Judge] erred in determining that Fibromyalgia was not a severe impairment.
X.  The Magistrate [Judge] erred in supporting the ALJs conclusion that Plaintiff was not disabled because he was treated by medical specialists.
XI.  The Magistrate [Judge] erred in not requiring the ALJ to fully develop the record.

Dkt. No. 17.

After Magistrate Judge Baxter issued his Report and Recommendation, Plaintiff submitted to the Court a letter motion seeking "remand [of] this claim to the ALJ for a new hearing," on the basis of ALJ Wright's finding of disability for the period beginning August 30, 2011.  Dkt. No. 18.  Defendant argues that this request is meritless and the subsequent favorable decision has no effect on the instant matter, and urges the Court to adopt the Report and Recommendation.  *See* Dkt. No. 20.

### III. DISCUSSION

**A.     Standard of Review**

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3);

---

[3] Plaintiff's counsel is respectfully reminded to use the appellation "Magistrate Judge" rather than "Magistrate."

*Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a Magistrate [Judge]'s Report and Recommendation to which a party specifically objects. Failure to timely object to any portion of a Magistrate [Judge]'s Report and Recommendation operates as a waiver of further judicial review of those matters. *See Roland v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). "To the extent, . . . that [a] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Watson v. Astrue*, No. 08 Civ. 1523, 2010 WL 1645060, *1 (S.D.N.Y. Apr. 22, 2010) (citing,

5

*inter alia, Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (observing that "[r]eviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition") (citation and internal quotation marks omitted)).

For purposes of both DIB and SSI, a person is disabled when he is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

In reviewing the denial of a claim, the Court will typically employ the traditional five-step analysis set forth in *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982), and other cases. Here, though, the Court will first assess Plaintiff's arguments about new evidence – both the additional records provided to the Appeals Council following ALJ Stephan's decision and the fully favorable decision on Plaintiff's subsequent application for DIB and SSI rendered by ALJ Wright. "Judicial economy warrants addressing the new evidence issue first because if a remand is necessary then the other issues will not need to be considered at this time. On remand, the Commissioner may resolve the case in such a way that consideration of the other issues is not necessary." *Clemons v. Astrue*, No. 12-CV-269A, 2013 WL 4542730, *5 (W.D.N.Y. Aug. 27, 2013).

**B.  Analysis**

Upon judicial review of a denial, a district court may remand a case to the Commissioner to consider additional evidence that was not included as part of the original administrative proceedings. *See* 42 U.S.C. § 405(g) (sentence six) ("The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a

showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; . . ."). This type of remand, commonly referred to as a "sentence six remand," is only appropriate if a plaintiff can show that the evidence is (1) new and not cumulative of what is already in the record; (2) material in that it is relevant to the claimant's condition during the time period for which benefits were denied and there is a reasonable possibility that the new evidence would have influenced the Commissioner to decide the disability determination differently; and (3) good cause has been shown for failing to present the evidence earlier. *Lisa v. Sec'y of Dep't of Health and Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991); *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988).

"Sentence four of Section 405(g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2004) (quoting 42 U.S.C. § 405(g)). A sentence four remand is "particularly appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would plainly help to assure the proper disposition of a claim." *Kirkland v. Astrue*, No. 06 CV 4861, 2008 WL 267429, *8 (E.D.N.Y. Jan. 29, 2008) (internal quotations and alterations omitted); *see also Butts*, 388 F.3d at 385 (quoting *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999)).

### 1. New Evidence Submitted to Appeals Council on January 27, 2012

Following ALJ Stephan's decision rendered October 28, 2010, Plaintiff continued to seek treatment from his treating physician, Dr. Woods McCahill, and was referred by Dr. McCahill to a rheumatologist, Dr. Steven Flinkenstein. Additional records from these providers, dated between October 2010 and January 2012, were submitted by Plaintiff's counsel to the Appeals Council for consideration on January 27, 2012. *See* Dkt. No. 9, Administrative Transcript ("T."),

at 223-276 (the "Exhibit 14F Records").  The Exhibit 14F Records include a December 13, 2010, report in which Dr. Woods noted that Plaintiff's COPD was "severe given his age," T. at 239, and an April 19, 2011, report in which Dr. Woods noted that Plaintiff was "really totally disabled with [COPD]," T. at 237.  In an August 30, 2011, report Dr. Woods again noted that Plaintiff was "really totally disabled with [COPD]" and that Plaintiff was "[n]ot doing very well" with rheumatoid arthritis.  Dr. Woods then referred Plaintiff to Dr. Flinkenstein.  T. at 234-35.  On September 23, 2011, Plaintiff treated with Dr. Flinkenstein, who noted that "[patient] has pains in ankles, knees and lower back onset one year," and diagnosed Plaintiff with fibromyalgia and carpal tunnel syndrome.  T. at 231-33.  Plaintiff again treated with Dr. Flinkenstein for fibromyalgia on November 2, 2011; Dr. Flinkenstein noted "fibromylagia trigger points total 18/18."  T. at 228-29.

Plaintiff argues that "[t]he Appeals Council erred by not considering or discussing the new probative, and material evidence submitted by Mr. Sears in summarily denying his appeal."  Dkt. No. 13 at 32: *see also* Dkt. No. 17-1 at 17 (arguing that "[t]he Appeals Council and the Magistrate [Judge] erred in not giving retrospective weight to the post-hearing diagnosis of Fibromyalgia (and carpal tunnel syndrome) by the board certified Rheumatologist").  These new reports were not available to ALJ Stephan, but they were submitted to the Appeals Council in connection with Plaintiff's first application.  As such, they are not "newly acquired evidence" as contemplated by sentence six.  Thus, a sentence six remand would not be appropriate.  *See Titus ex rel. N.M.C. v. Astrue*, No. 09-CV-0093, 2010 WL 3323738, *5 (N.D.N.Y. July 6, 2010) (citing cases).

Although a sentence six remand is not warranted, the Court finds that a sentence four remand for rehearing is warranted.  The additional evidence submitted to the Appeals Council was of the nature that could potentially fill "significant gaps in the record . . . [and could] plainly

help to assure the proper disposition of a claim," *Kirkland*, 2008 WL 267429, at *8, and, although not new evidence to the Appeals Council, it is evidence that the Appeals Council failed to adequately address.

The Appeals Council is required to consider "new and material" evidence "if it relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); *see also* 20 C.F.R. § 416.1470(b); *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996). Evidence is "material" if there is "a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." *Lisa*, 940 F.2d at 43; *see also Gonzalez ex rel. Gonzalez v. Barnhart*, No. 03 Civ. 6670, 2004 WL 1460634,*5 (S.D.N.Y. June 28, 2004). The Court must distinguish between new evidence that reflects on the severity of the plaintiff's impairment as it existed during the time for which benefits were denied and new evidence which represents new impairments which would not have affected the decision below. *See Bosmond v. Apfel,* No. 97 Civ. 4109, 1998 WL 851508, *11-13 (S.D.N.Y. Dec. 8, 1998) (finding that the plaintiff's additional evidence pertained to new problems including spinal stenosis and arthritis while the record before the ALJ involved the plaintiff's carpal tunnel syndrome) (citing *Hernandez v. Sullivan*, No. 91 Civ. 1836, 1992 WL 315637, *3 (S.D.N.Y. Oct. 22, 1992)). The ALJ's decision will stand when a post-determination diagnosis does no more than indicate the more recent onset of disability. *Id.* (holding that the new evidence did not indicate that the plaintiff was disabled at the prior relevant periods by her more recently diagnosed problems). "A diagnosis that post-dates an administrative hearing may be considered new evidence relating to the relevant time period only if it reveals that a claimant 'had an impairment substantially more severe than was previously diagnosed.'" *Florek v. Comm'r of Soc. Sec.*, No. 08-CV-0919, 2009

WL 3486643, *11 (N.D.N.Y. Oct. 21, 2009) (quoting *Xu v. Barnhart*, No. CV-04-3927, 2006 WL 559263, *7 (E.D.N.Y. Mar. 7, 2006)).

The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); *see also* § 416.1470(b). "'Weight of the evidence' is defined as the balance or preponderance of evidence; the inclination of the greater amount of credible evidence to support one side of the issue rather than the other." *Florek*, 2009 WL 3486643, at *11 (citation omitted). Even if the Appeals Council denies review, evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record to be considered on judicial review. *Perez*, 77 F.3d at 45. The role of the district court is to determine if the Appeals Council erred when it determined that the new evidence was insufficient to trigger review of the ALJ's decision. *See Woodford v. Apfel*, 93 F. Supp. 2d 521, 528 (S.D.N.Y. 2000). If the Appeals Council fails to consider new, material evidence, "the proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence." *Shrack v. Astrue*, 608 F. Supp. 2d 297, 302 (D. Conn. 2009) (citation omitted).

For the reasons set forth below, the Court finds that these records were "new and material" evidence timely submitted to the Appeals Council during the administrative proceedings. Plaintiff has also shown good cause for not submitting these records prior to ALJ Stephan's decision, because they were generated after October 2010. Since the Appeals Council did not discuss these records or provide the type of explanation required by the treating physician rule when denying Plaintiff's request for review, a remand is the appropriate remedy under these circumstances.

The medical records provided to the Appeals Council were new – they were prepared following ALJ Stephan's decision. They were not merely cumulative of evidence already in the record. For example, Plaintiff had not previously been treated by a rheumatologist or diagnosed with fibromylagia. The evidence was material in that it related to the time period of Plaintiff's first application. When Plaintiff treated with Dr. Flinkenstein on September 23, 2011, Dr. Flinkenstein noted that "Pt has pains in ankles, knees and lower back onset one year." T. 231. Thus, these records related to a time period extending back in time to at least September 2010, which predates ALJ Stephan's October 2010 decision. In addition, the symptoms which led to Dr. Flinkenstein's diagnosis had been reported to Dr. Woods during the time period relevant to Plaintiff's first application, as reflected in the records which were part of the record before ALJ Stephan. Moreover, the evidence is material because there is a reasonable possibility ALJ Stephan would have reached a different decision if he had received these reports. The Exhibit 14F Records were included as part of the administrative record with respect to Plaintiff's second application, which ALJ Wright credited in finding that Plaintiff's disability began on August 30, 2011, the date on which Plaintiff treated with Dr. Woods and was referred to Dr. Flinkenstein.

It is not clear why the Appeals Council believed these records were not material. The Appeals Council simply stated "that this information does not provide a basis for changing the Administrative Law Judge's decision." T. at 2. The Appeals Council cannot justify its refusal to consider these records on the grounds that they do not relate to the time period prior to the ALJ's decision. As noted above, Dr. Flinkenstein's records reflect an onset date prior to ALJ Stephan's decision. Examinations and testing conducted after the ALJ's decision is rendered may still be relevant if they clarify a pre-hearing disability and/or diagnoses. *See Woodford*, 93 F. Supp. 2d at 527. Indeed, the Second Circuit has held that "medical evidence generated after an ALJ's

11

decision cannot [be] deemed irrelevant solely because of timing." *Newbury v. Astrue*, 321 Fed. Appx. 16, 18 n.2 (2d Cir. 2009) (citing *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)).

The categorical refusal to consider evidence solely because it was created after the date of the ALJ's decision is an error as a matter of law. *Pollard*, 377 F.3d at 193 (observing that "[a]lthough the new evidence consists of documents generated after the ALJ rendered his decision, this does not necessarily mean that it had no bearing on the Commissioner's evaluation of [the] claims. To the contrary, the evidence directly supports many of [plaintiff's] earlier contentions regarding [the] condition. It strongly suggests that, during the relevant time period, [the] condition was far more serious than previously thought"); *see also Lisa*, 940 F.2d at 44-45 (holding that belated diagnosis of fibromyalgia warranted remand)*; Sergenton v. Barnhart*, 470 F. Supp. 2d 194, 204 (E.D.N.Y. 2007) (holding that "when, as in this case, a diagnosis emerges after the close of administrative proceedings that sheds considerable new light on the seriousness of [a claimaint's] condition, evidence of that diagnosis is material and justifies remand") (citations and quotations omitted); *Tracy v. Apfel*, No. 97-CV-4357, 1998 WL 765137, *6 (E.D.N.Y. Apr. 22, 1998) (finding that "later developments which shed light on the seriousness of the claimant's condition at the time of the ALJ's decision are relevant").

The Appeals Council erred by disregarding the new medical records without providing any reasons for its decision. "[W]here newly submitted evidence consists of findings made by a claimant's treating physician, the treating physician rule applies, and the Appeals Council must give good reasons for the weight accorded to a treating source's medical opinion." *James v. Comm'r of Social Security*, No. 06-CV-6180, 2009 WL 2496485, *10 (E.D.N.Y. Aug. 14, 2009) (citation omitted). The Second Circuit has said "the Appeals Council [has] an obligation to explain the weight it g[ives] to the opinions of [a treating physician]." *Snell v. Apfel*, 177 F.3d

128, 133-34 (2d Cir. 1999) (holding that the Commissioner "is required to explain the weight it gives to the opinions of a treating physician"); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").

"Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Snell*, 177 F.3d at 134 (quoting *Schall v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998); *see also Shrack*, 608 F. Supp. 2d at 302 (noting that "[i]mportantly, the treating physician rule applies to the Appeals Council when the new evidence at issue reflect the findings and opinions of a treating physician").

Here, the Appeals Council not only failed to provide "good reasons" for disregarding the new medical records, it did not provide any reasons at all. Moreover, as discussed above, there is a reasonable possibility that ALJ Stephan would have reached a different result if the original administrative record had included these records. Thus, the Court finds that the Appeals Council erred when it determined that the new evidence was insufficient to trigger review of the ALJ's decision.[4] As such, remand is appropriate. *See Davidson v. Colvin*, No. 12-cv-316, 2013 WL 5278670 (Sept. 18, 2013).

### 2.     ALJ Wright's Decision

---

[4] In his Report and Recommendation, Magistrate Judge Baxter reached a different conclusion with respect to the new evidence presented to the Appeals Council. However, Magistrate Judge Baxter did not have the decision of ALJ Wright on Plaintiff's subsequent claim as part of the record before him. For the reasons discussed herein, the Court finds that ALJ Wright's fully favorable decision, coupled with the Appeals Council's failure to adequately address the Exhibit 14F Records, raises questions regarding "inconsistencies in the medical evidence and/or significant gaps in the record," and that "further findings would . . . plainly help to assure the proper disposition of [a] claim." *Kirkland*, 2008 WL 267429, at *8.

Plaintiff asserts that remand is warranted based upon the fully favorable decision of ALJ Wright, issued on August 8, 2013. *See* Dkt. No. 18. In his decision granting Plaintiff's second application for SSI, ALJ Wright concluded that Plaintiff retained the ability to perform sedentary work, but found that his nonexertional limitations so narrowed the range of work that he might otherwise perform that a finding of disabled was appropriate. *See* Dkt. No. 18-1 at 6. As such, ALJ Wright concluded that Plaintiff was disabled as of August 30, 2011, and was entitled to DIB and SSI. *Id.*

In making such a determination, ALJ Wright considered the opinions of Plaintiff's treating physician, Dr. McCahill, and a consultative physician, Dr. Barry Kilbourne. ALJ Wright "afforded the greatest weight" to Dr. McCahill's opinion. Dkt. No. 18-1 at 5. This finding is in contrast to the findings of ALJ Stephan who "afford[ed] Dr. Kilbourne's assessment great weight" and "granted some, but not controlling weight" to the opinion of Dr. McCahill. T. at 17-18. It is not clear, based upon the record before the Court, how the respective ALJs reached these competing conclusions. In any event, ALJ Wright's opinion, coupled with the Appeals Council's failure to adequately consider the Exhibit 14F Records, dictate that remand is the appropriate remedy.

ALJ Wright's decision was generated after the Appeals Council denied review with respect to Plaintiff's first application for benefits. Many courts in this circuit have concluded that such evidence is "new" and "material," and justifies a sentence six remand. *See, e.g.*, *Mikol v. Barnhart*, 554 F. Supp.2d 498, 504-505 (S.D.N.Y. 2008) ("The second ALJ decision, determining that plaintiff was disabled from August 4, 2004 sheds light on the seriousness of his condition at the time of the first ALJ's decision and is relevant to that time frame. It is difficult to believe that on August 3, 2004 plaintiff was not disabled even though he had a history of pain and surgeries

which supported a determination that on August 4, 2004 plaintiff was suddenly disabled. It is reasonable to assume that the second decision will impact the decision of the first ALJ because it suggests the impairment was more severe than the first ALJ determined."); *see also Clemons*, 2013 WL 4542730, at *5-6; *Reyes v. Apfel*, No. 97 CIV 5830, 2000 WL 709087, *9 (S.D.N.Y. June 2, 2000) (remand warranted for consideration of new evidence where plaintiff's second claim was approved and "second ALJ's conclusion . . . casts considerable doubt on the conclusion of the first ALJ").

There is some doubt, however, as to whether a decision granting a subsequent application for benefits should be considered "evidence" for sentence six remand purposes. *See Lopez v. Barnhart*, No. 07 CIV.7516, 2002 WL 1822739, at *3 n.2 (S.D.N.Y. Aug. 8, 2002); *see also Allen v. Comm'r of Social Security*, 561 F.3d 646, 653 (6th Cir. 2009)*; Perry v. Astrue*, Civil Action No. 10-110004, 2012 WL 645890, *11 (D. Mass. Feb. 27, 2012) ("The mere fact that a second ALJ weighed the evidence differently does not authorize reversal by a district court; the standard is whether the first ALJ's decision was supported by substantial evidence on the record, not whether it was the only possible reasonable decision.").

This Court need not resolve the issue in this particular case because a sentence four remand is warranted for the reasons set forth above. On remand, the ALJ will be able to reconsider the record, supplemented to include the new records. The ALJ will then be called upon to make a determination under the sequential framework applicable to applications for benefits. As such, it is not necessary to determine whether a sentence six remand might otherwise be warranted based on ALJ Wright's decision alone. "Since this case is being remanded on other grounds, the Court need not consider whether it should be remanded based on new and material evidence. The failure to consider medical evidence obtained after the decision was not the fault of

the Commissioner; however, since the Court's disposition on this matter will give the ALJ a fresh opportunity to look at this case, this evidence should certainly be considered on remand." *Kreiter v. Astrue*, Civil Action No. 09-0978, 2010 WL 1133419, *13 (W.D. Pa. Mar. 23, 2010)

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the Facts and Procedural History of the Report and Recommendation of Magistrate Judge Andrew T. Baxter are adopted; and the Court further

**ORDERS** that the Report and Recommendation of Magistrate Judge Andrew T. Baxter is otherwise rejected; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Order; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 12, 2013
     Albany, New York

Mae A. D'Agostino
U.S. District Judge